UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           NOT FOR PUBLICATION
-----------------------------------------------------------x

REGINA LEWIS,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                               14-CV-4533 (ARR) (SMG)

       -against-

ALVIN K. HELLERSTEIN (U.S. District Judge);
JOHN DOE (U.S. Marshal); JOHN DOE (U.S.
Marshal); JOHN DOE (U.S. Marshal),

                Defendants.
-----------------------------------------------------------x

ROSS, United States District Judge.

      Plaintiff Regina Lewis, currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, brings this pro se civil rights action seeking monetary damages. The court construes plaintiff's complaint as brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Judge Hellerstein are dismissed. Plaintiff's remaining claims against U.S. Marshals John Doe 1, John Doe 2, and John Doe 3 may proceed.

---

[1] In Bivens, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Bivens actions, although not completely parallel, are the federal analog to 42 U.S.C. § 1983 actions against state actors. Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006) (noting that "a Bivens action is the federal analog to suits brought against state officials" under § 1983); see Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into Bivens actions.").

## STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff, who has a pending criminal action in the United States District Court for the Southern District of New York, see United States v. Lewis, No. 12 Cr. 655 (S.D.N.Y.), brings claims related to that criminal action against Judge Alvin K. Hellerstein, who formerly presided

over her case. Plaintiff also states that on July 10, 2014, United States Marshals "used excessive force to produce me in court at 500 Pearl Street before Judge Hellerstein. I was belly chained, feet shackled and handcuffed and painfully dragged and carried briefly to a wheelchair. The same procedure was followed as I was thrown in a van." Compl., Dkt. #1, at ECF 1. Plaintiff seeks money damages. Id. at ECF 7.

Judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Dupree v. Bivona, No. 07-4599-cv, 2009 WL 82717, at *1-*2 (2d Cir. Jan. 14, 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (internal quotation marks omitted); accord Horton v. City of N.Y., No. 14-CV-4279 (KAM), 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); Edo v. Queens Cnty. Criminal Court, No. 13-CV-7089(JBW), 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); Gamez v. U.S. Dist. Court Eastern and Southern Dist. of - Tyranny, No. 11-CV-4068 (KAM), 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011). Thus, all claims against Judge Hellerstein are dismissed based on judicial immunity. See Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation marks omitted).

## CONCLUSION

Accordingly, all claims against Judge Hellerstein are dismissed. 28 U.S.C. §§ 1915A, 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to Judge Hellerstein, and the Clerk of Court is directed to amend the caption to reflect his dismissal from this case.

Plaintiff's claims shall proceed against U.S. Marshals John Doe 1, John Doe 2, and John Doe 3. The Court requests the U.S. Attorney's Office for the Eastern District of New York to ascertain the full names and service addresses of the John Doe defendants involved in the July 10, 2014 incident discussed herein, which allegedly occurred around 8:30 a.m. Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). The U.S. Attorney's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants. The U.S. Attorney's Office is hereby requested to produce the information specified above regarding the identities and service addresses of the John Doe defendants within twenty-one (21) days from the entry of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and the Court shall direct service on the defendants.

The Clerk of Court shall send a copy of this order and the complaint to the U.S. Attorney's Office for the Eastern District of New York and to plaintiff. No summons shall issue at this time. The matter is referred to Magistrate Judge Steven M. Gold for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Court

Dated: Brooklyn, New York
       August 13, 2014

4

## SERVICE LIST

<u>Plaintiff</u>
Regina Lewis
67206-054
Metropolitan Detention Center
PO Box 329002
Brooklyn, NY 11232