UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

REGINA LEWIS,

                              Plaintiff,

                  -against-

HELLERSTEIN, et al.,

                             Defendants.
-----------------------------------------------------------------X

14-CV-07886 (BMC)(SN)

**REPORT AND RECOMMENDATION**

SEE ENDORSED ORDER LAST PAGE

C/M

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE BRIAN M. COGAN:**

*Pro se* plaintiff Regina Lewis filed this action alleging that on July 10, 2014, three unnamed agents of the United States Marshal Service ("USMS") used excessive force to produce her in court for criminal proceedings before Judge Hellerstein at the Southern District of New York courthouse.[1] Specifically, she alleged that she was "belly chained, feet shackled and handcuffed and painfully dragged, and carried briefly to a wheelchair" and later "thrown into a van." (ECF No. 1.)

Because the plaintiff has failed to file an amended complaint, or in the alternative a stipulation of voluntary dismissal, as directed by the Court on January 7, 2015, and again on

---

[1] By order dated July 28, 2014, after several judges in the Southern District of New York recused themselves from the plaintiff's criminal action, Chief Judge of the Southern District of New York Loretta A. Preska determined that all Southern District of New York judges were disqualified from presiding over the plaintiff's criminal action, No. 12-CR-0655. Chief Judge Preska further requested that the Chief Judge of the Second Circuit Court of Appeals designate a judge within the Second Circuit but outside the Southern District of New York to preside over the plaintiff's criminal case and all related matters. Subsequently, District Judge Brian M. Cogan was designated as the presiding judge of the plaintiff's criminal case, and therefore, this related civil case also was assigned to him.

March 2, 2015, the Court recommends that this case be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On July 25, 2014, the plaintiff filed her complaint in the Eastern District of New York. In it, she alleged that three USMS agents used excessive force to produce her in court for criminal proceedings before Judge Hellerstein at the Southern District of New York Courthouse, 500 Pearl Street, New York, New York. She also alleged that Judge Hellerstein was "illegally prosecuting" her. (ECF No. 1.) On August 13, 2014, all claims against Judge Hellerstein were dismissed, but the claims against the USMS John Does were allowed to proceed. (ECF No. 7.) The Court also directed the U.S. Attorney's Office for the Eastern District of New York to produce information regarding the identities and service addresses of the three John Doe defendants within 21 days.

On September 17, 2014, the U.S. Attorney's Office responded that the government was unable to determine the identities of the three John Does; although the Office was able to identify four Deputy U.S. Marshals ("DUSMs") involved in the plaintiff's travel from the Metropolitan Detention Center in Brooklyn to the Southern District courthouse, it was unable to "accurately identify three John Doe defendants who engaged in the conduct alleged in the Complaint." (ECF No. 9.) The letter also stated that the office was reluctant to name these DUSMs because of the plaintiff's history of threatening government officials and filing frivolous and harassing litigation. The letter requested the Court to direct the plaintiff "to provide a physical description of each of the John Doe defendants, and further describe the conduct [in] which each such John Doe allegedly engaged." (Id.)

On September 26, 2014, the case was transferred to the Southern District of New York where venue was more properly found. (ECF No. 10.)

On November 4, 2014, the U.S. Attorney's Office for the Southern District of New York submitted a letter, reiterating that it had been unable to identify the three USMS agents based on the information provided in the complaint. (ECF No. 15.) On December 5, 2014, the plaintiff submitted a letter providing, in part, a brief description of the USMS agents involved in the alleged incident in question. (ECF No. 16.) On December 22, 2014, the U.S. Attorney's Office updated the Court on the status of their investigation and stated that the description provided in the plaintiff's December 5, 2014, letter does not match the conduct alleged in the complaint. (ECF No. 17.) The letter again expressed hesitancy about naming the DUSMs and requested that the plaintiff provide more details regarding the John Does involved and the specific acts alleged.

Meanwhile, on January 6, 2015, the plaintiff was released from criminal custody and sentenced to time served with certain special conditions of supervised release, including that the plaintiff refrain from (1) entering any federal courthouse or any of New York City's five boroughs, unless it pertains to a court appearance, in which case she must provide the Probation Office with advance notice, and (2) telephoning any federal employee, office, of chambers located in any federal courthouse. (See ECF No. 20.) That same day, the Court issued an order allowing a scheduled January 7, 2015 telephone conference to proceed, with the understanding that the plaintiff was to abide by the terms of her supervised release. (ECF No. 21.)

On January 7, 2015, the Court held a telephone conference with the parties to allow the plaintiff to provide any additional information regarding the unnamed defendants. Based on the discussion at the conference, the Court issued an order directing the plaintiff to either (1) file an amended complaint, or in the alternative, (2) file a letter voluntarily dismissing the case pursuant

to Rule 41(a) of the Federal Rules of Civil Procedure, within 30 days of the Order. (ECF No. 22.) The Order also outlined for the plaintiff the types of information an amended complaint should include. On January 7 and 8, 2015, the Court received two letters from the plaintiff that had been written and sent before the phone conference. (ECF Nos. 23-24.) The first letter, dated January 2, 2015, and received by the Court on January 7, 2015, alleged one incident occurring at the hands of an unnamed USMS agent in an unknown location on July 10, 2014 (the date of the incident alleged in the complaint), and a second incident occurring at the hands of several USMS agents at both Metropolitan Detention Center and the Southern District courthouse on July 17, 2014. (ECF No. 23.)

On January 21, 2015, the plaintiff submitted a change of address form. (ECF No. 25.) In light of that submission and because the plaintiff had yet to comply with the Court's January 7, 2015 Order issued after the January 7 conference, the Court issued an order on March 2, 2015, granting the plaintiff an additional 14 days, or until March 16, 2015, to file an amended complaint or stipulation of voluntary dismissal. The plaintiff has failed to file either, and she has not otherwise submitted any filings with the Court.

## DISCUSSION

A plaintiff has a general obligation to prosecute her case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A court may dismiss an action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). "The fact that [a] plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." Id. A *pro se* plaintiff, however, "should be granted special

leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order. But the Court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is dispositive. Baptiste, 768 F.3d at 216 (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397

F.3d 103, 113 (2d Cir. 2005)), the Court at a minimum must provide a reason for the dismissal.[2] See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (Oct. 14, 2010).

Pursuant to the Court's January 7, 2015 Order, the plaintiff was to file a document by February 6, 2015. Over three weeks after that date, the Court still had not received any filings or communication from the plaintiff. As a result, on March 2, 2015, the Court issued an order extending the time for her to comply given the plaintiff's *pro se* status and her recent change of address. The Court's additional fourteen days in effect amounted to an additional 34 days from the original February 6, 2015 deadline. Based on the Court's January 7, 2015 conversation with the parties, and because of the filed change of address form, the Court has no reason to believe that the plaintiff is not aware of these deadlines. This report and recommendation now provides the plaintiff further notice and another opportunity to be heard before the District Judge. Although the Court does expect defendants in *pro se* cases – particularly institutional defendants such as the USMS – to move cases along, the defendants cannot be expected to mount a defense or otherwise proceed in a case against an absent plaintiff, especially here where no individual defendant has been identified.

The Court has provided ample time for the plaintiff to participate and thereby receive a fair trial, but the plaintiff has chosen not to take advantage of that opportunity. Because she has failed to respond to two Court orders or otherwise garner additional evidence the defendants need to investigate her allegations, thereby communicating a lack of interest in pursuing this

---

[2] Though such an analysis may not be necessary for dismissal that is without prejudice, see Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice), this Court will nonetheless analyze the Baptiste factors to ensure that the *pro se* plaintiff is afforded every chance to succeed on the merits.

case, lesser sanctions would not be appropriate. The circumstances of this case are sufficient to find an extreme situation: a case that is effectively impossible for the defendants to complete. Because the plaintiff is *pro se*, however, I recommend that the claims be dismissed without prejudice. See Grace, 2010 WL 3489574, at *2.

## CONCLUSION

For these reasons, the Court recommends that all claims asserted by the plaintiff be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
          May 5, 2015

\*   \*   \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Brian M. Cogan, at the Theodore Roosevelt Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, and to any opposing parties. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Cogan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

```
No objections have been raised.  I adopt this R&R as the Order of this
Court for the reasons stated therein. This case is dismissed without
prejudice for failure to prosecute.
SO ORDERED: 7/29/15
```

_____
U.S.D.J.